**MICHAEL DOCKTERMAN** (*pro hac vice* application to be filed)
**HEATHER H. HARRISON** (*pro hac vice* application to be filed)
**EDWARDS WILDMAN PALMER LLP**
225 West Wacker Drive, Suite 2800
Chicago, IL 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2155
Email: mdockterman@edwardswildman.com
Email: hharrison@edwardswildman.com

**CLINTON J. McCORD (SBN 204749)**
**EDWARDS WILDMAN PALMER LLP**
9665 Wilshire Boulevard, Suite 200
Beverly Hills, California 90212
Telephone: (310) 860-8700
Fax No.: (310) 860-3800
Email: cmccord@edwardswildman.com

Attorneys for Plaintiff
UTHE TECHNOLOGY CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTHE TECHNOLOGY CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> HARRY ALLEN and AETRIUM, INC., <br><br> Defendants. | CASE No. 3:95-cv-02377-MHP <br><br> **MOTION TO REOPEN ADMINISTRATIVELY CLOSED CASE AND LIFT STAY** <br><br> Date: June 18, 2012 <br> Time: 2:00 p.m. <br> Place: San Francisco Courthouse <br> Courtroom 15, 18th Floor <br> 450 Golden Gate Avenue <br> San Francisco, CA 94102 |

Plaintiff Uthe Technology Corporation, by and through its attorneys, hereby submits this Motion to Reopen Administratively Closed Case and Lift Stay and states as follows:

1.    This case was stayed on December 8, 1993, pending arbitration proceedings in Singapore, and administratively closed on October 27, 1997. An award has now been issued in the Singapore arbitration proceedings, justifying the lifting of the stay.

2.    This case was initially filed in Santa Clara County Superior Court by Uthe Technology Corporation ("Uthe") against defendants Peter Kwan; Y.K. Chow; Francis Chau; Katherine Yip; Harry Allen; and Aetrium, Inc., and removed to this Court by the Defendants on August 20, 1993.

3.    On September 23, 1993, the defendants Peter Kwan and Francis Chua moved to dismiss on the grounds of *forum non conveniens*, or in the alternative, stay pending the completion of arbitration proceedings in Singapore pursuant to an arbitration clause.

4.    Also on September 23, 1993, the defendants Harry Allen and Aetrium, Inc., moved to stay proceedings pending arbitration between Uthe and defendants Kwan, Chua, and Chow.

5.    Uthe opposed the motion to dismiss and the motions to stay proceedings.

6.    On December 8, 1993, Judge James Ware issued an order granting the motion to dismiss on *forum non conveniens* grounds with respect to defendants Kwan and Chua and granting the motion to stay proceedings pending arbitration with respect to defendants Allen and Aetrium, Inc. Judge Ware granted the stay on the grounds that "the arbitration may narrow or limit the issues raised by the claims alleged against Aetrium and Allen." (See Dec. 8, 1993 Order Granting Motion to Dismiss and Motion to Stay attached as Exhibit A.)

7.    On February 18, 1994, Judge Ware denied Uthe's subsequent motions for leave to file a second amended complaint and motion for reconsideration.

8.     Uthe filed its notice of appeal on March 14, 1994.  The appeal was dismissed on May 17, 1994.

9.     The parties Uthe ("the Arbitration Claimant") and defendants Kwan, Chua, and Chow ("the Arbitration Respondents") entered into arbitration on August 29, 1994, in front of Reggie Thein as Arbitrator.

10.     The parties filed status conference statements in this action until the case was administratively closed on October 27, 1997.  On that date, Judge Marilyn H. Patel ordered that the action remain stayed pursuant to the Dec. 8, 1993 order pending resolution of the arbitration in Singapore of the underlying dispute between plaintiff and former defendants Peter Kwan and Francis Chua.  Judge Patel also ordered the case dismissed for statistical purposes.  (See October 27, 1997 Order attached as Exhibit B.)

11.     On October 10, 1998, Uthe instituted proceedings against the defendants Kwan, Chua, and Chow in the High Court of Singapore.  On February 22, 1999, the High Court of Singapore ordered that the suit be stayed and referred to the arbitration.  The High Court also ordered that the 1994 arbitration in front of Reggie Thein be terminated and replaced by an arbitration in front of K. S. Rajah as Arbitrator, which was deemed to have commenced on October 10, 1998.

12.     The arbitration was bifurcated, and the Arbitrator issued a Partial Award making a finding of liability in favor of Uthe on June 30, 2005.  However, the arbitration proceedings and Partial Award were confidential under the laws of Singapore.

13.     The Arbitration Respondents then brought a law suit on August 19, 2005, in the High Court of Singapore alleging that the Partial Award should be set aside on grounds of bias.  The High Court dismissed this suit in favor of Uthe on December 9, 2005.

14.     Before the damages portion of the proceedings were complete, the Arbitration Respondents commenced a new suit on October 20, 2006, in the High

**MOTION TO REOPEN ADMINISTRATIVELY CLOSED CASE AND LIFT STAY**

Court of Singapore applying to have the court declare the arbitration terminated on the grounds that Uthe had breached confidentiality.  The High Court dismissed this suit in favor of Uthe on June 15, 2009.

15.    The Arbitration Respondents appealed the dismissal on July 6, 2009, and the Singapore Court of Appeal affirmed the dismissal.  The Arbitrator had refused to continue with the damages proceedings until the Singapore Court of Appeal's judgment made the dismissal final.

16.    On January 7, 2010, K.S. Rajah resigned as Arbitrator due to poor health.  By consent order of court filed in the Singapore Supreme Court, Alan J. Thambiayah was appointed as Arbitrator in place of K.S. Rajah.

17.    On March 23, 2012, the Arbitrator issued his Partial Award 2, which contained an award of damages against the Arbitration Respondents.  With the issuance of the Partial Award 2, the arbitration proceedings are nearly complete.  Only an inquiry into the allocation of costs, charges, and expenses of the arbitration remains before the arbitration proceeding is entirely complete.

18.    With the liability and damages portions of the arbitration proceedings complete, this Court is now equipped to determine any impact on the issues raised by the claims against defendants Allen and Aetrium, Inc the arbitration proceedings may have had.  Thus, the case should be reopened and the stay should be lifted.

WHEREFORE, Plaintiff Uthe Technology, Inc. respectfully requests that this Court reopen Case No. C 93-20614, which had been closed for statistical purposes, and lift the stay that was imposed pending arbitration proceedings, and for any other relief just and necessary under the circumstances.

Dated:  May 18, 2012

Respectfully submitted,

By:___/s/____Clinton J. McCord_____
Clinton J. McCord
Attorney for Plaintiff

**MOTION TO REOPEN ADMINISTRATIVELY CLOSED CASE AND LIFT STAY**

EXHIBIT A

RECEIVED
ROPERS, MAJESKI
RCO

DEC 1 3 1993

CALENDARED _____
FILE _____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTHE TECHNOLOGY CORPORATION, | NO. C 93-20614 JW |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS AND MOTION TO STAY |
| vs. | |
| PETER KWAN; Y.K. CHOW; FRANCIS CHAU; KATHERINE YIP; HARRY ALLEN; AETRIUM, INC., | |
| Defendants. | |

Defendants Peter Kwan and Francis Chau move this Court for an order dismissing this action on the ground of forum non conveniens or in the alternative for an order staying this action pending arbitration. Defendants Harry Allen and Aetrium Inc., ("Aetrium") move for an order staying this action pending arbitration. For the reasons set forth below, Defendants Kwan and Chau's motion to dismiss is GRANTED, and Defendants Aetrium and Allen's motion to stay this action is GRANTED.

BACKGROUND

This action arises out of the sale of Plaintiff Uthe

Technology Corporation's ("UTHE") wholly owned subsidiary to Defendants Kwan and Chau in October 1992. UTHE manufactures and distributes computer products. The subsidiary, UTSPL/UST Singapore ("UTSPL") distributes computer products supplied by UTHE and other U.S. manufacturers to customers in Asia and has its principal place of business in Singapore. Kwan and Chau are former employees of UPTSL.

Plaintiff alleges that Kwan and Chau, while employed at USPTL, set up a secret company in mid-1992 to poach UPTSL customers by diverting orders intended for UPTSL to the secret corporation. Kwan and Chau allegedly conspired with one of UPTSL's largest U.S. suppliers, Aetrium, and with an Aetrium officer, Harry Allen, to divert Aetrium products from UPTSL to the secret corporation. As a result of Defendants' actions, Plaintiff claims it was forced to sell all of its UPTSL shares to Kwan and Chau at distressed prices.

The agreement for the sale of the UPTSL stock was negotiated in Singapore and contains a choice of law provision specifying the application of Singapore law. The agreement also contains a provision mandating binding arbitration with respect to any dispute arising out of, in connection with, or in any way related to the agreement. Plaintiff's complaint avers federal securities fraud claims, a RICO claim, and certain state law fraud claims.

DISCUSSION

2

## 1. Forum Non Conveniens

The doctrine of forum nonconveniens allows an American court to decline jurisdiction when a foreign court can more appropriately conduct the litigation. _Piper Aircraft v. Reyno_, 454 U.S. 235, 250 (1981). Dismissal on forum non conveniens grounds requires: (1) the existence of an adequate alternative forum; and (2) that the balance of private and public interest factors favors dismissal. _Contact Lumber Co. v. Evangelical Alliance Mission_, 918 F.2d 1446, 1449 (9th Cir. 1990). Although there is generally a strong presumption in maintaining an American plaintiff's choice of forum, the presence of an American plaintiff is not itself sufficient to bar dismissal on the ground of forum non conveniens. _Lockman Found. v. Evangelical Alliance Mission_, 930 F.2d 764, 767 (9th Cir. 1991). If the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper. _Piper Aircraft_, 454 U.S. at 256 n. 23.

The requirement of the existence of an adequate alternative forum is ordinarily satisfied when the defendant is amenable to process in another jurisdiction. _Piper Aircraft_, 454 U.S. at 265 n. 22. However, the other forum will not be considered adequate unless it provides a satisfactory remedy. The alternative forum need not offer all of the remedies available in an American court as long as the remedies offered in the foreign forum will adequately redress plaintiff's injuries. _Lockman_, 930 F.2d at

3

more appropriate forum to the extent this case involves Defendant's Kwan and Chau. Plaintiff's argument that dismissal here is precluded by the existence of federal securities fraud claims is unavailing. Plaintiff's federal securities claims are trumped by the choice of law provision specifying the application of Singapore law. <u>Roby v. Corporation of Lloyd's</u>, 996 F.2d 1353, 1362 (2nd Cir. 1993). It defies reason to suggest that a plaintiff may circumvent a choice of law provision merely by alleging claims not recognized by the chosen body of law. That result would eviserate such provisions. <u>Id.</u> at 1360.

Because this action is dismissed on the ground of forum non conveniens as it relates to Defendants Kwan and Chau, this Court need not reach Kwan and Chau's motion to stay pending arbitration.

2. <u>Aetrium and Allen's Motion to Stay.</u>

Although Aetrium and Allen were not parties to the stock sale agreement containing the arbitration clause, these Defendants ask this Court to exercise its discretion to stay this action pending the completion of arbitration in Singapore. Given that the arbitration may narrow or limit the issues raised by the claims alleged against Aetrium and Allen, there is a sufficient basis for this Court to exercise its inherent power "to grant the stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." <u>Contracting Northwest v. City of Fredericksburg</u>, 713 F.2d

6

382, 387 (8th Cir. 1983). Accordingly, Defendants' motion to stay is GRANTED.

## CONCLUSION

1. Defendants Kwan and Chau's Motion to Dismiss on the ground of forum nonconveniens is GRANTED on the condition that the amount of the bond required to be posted in Sinagore is reasonable. If the bond requirement is excessive, Plaintiff may seek appropriate relief in this Court.

2. Defendants Aetrium and Allen's Motion to Stay is GRANTED.

3. A case management conference is scheduled for January 21, 1994 at 10:30 a.m.

4. Defendants' request for attorney's fees is Denied.

   IT IS SO ORDERED.

   DATE: _December 8, 1993_

                                    _____
                                    HONORABLE JAMES WARE
                                    United States District Judge

jw\

7

72
(8'82)

CASE NAME:   UTHE TECHNOLOGY V. KWAN, ET AL.
ACTION NO.:   C 93 20614 JW (PVT) ENE

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF SAN MATEO:

I am a citizen of the United States.  My business address is
1001 Marshall Street, Redwood City, California.  I am employed in
the County of San Mateo where this mailing occurs.  I am over the
age of 18 years, and not a party to the within cause.  I am
readily familiar with my employer's normal business practice for
collection and processing of correspondence for mailing with the
U.S. Postal Service, and that practice is that correspondence is
deposited with the U.S. Postal Service the same day as the day of
collection in the ordinary course of business.

On the date set forth below, following ordinary business
practice, I served the foregoing document(s) described as:

CIVIL APPEALS DOCKETING STATEMENT

on said date at my place of business, a true copy thereof enclosed
in a sealed envelope prepaid for first-class mail for collection
and mailing that same day in the ordinary course of business,
addressed to the parties as follows:

Charles S. Donovan, Esq.           Craig A. Cook, Esq.
Walsh, Donovan, Lindh & Keech      Oppenheimer, Wolff & Donnelly
595 Market Street, Suite 2000      Plaza VII
San Francisco, CA  94105-2831      45 South Seventh St. Suite
(415) 957-8700                     3400
                                   Minneapolis, MN  55402
Karen L. Kennard                   (612) 344-9300
McCutchen, Doyle, Brown & Emersen
3 Embarcardero Center
San Francisco, CA  94111
(415) 393-200

[X]  (BY MAIL)  I caused such envelope(s) with postage thereon
     fully prepaid to be placed in the United States mail at
     Redwood City, California.

[X]  (VIA FACSIMILE) I caused such documents to be transmitted by
     facsimile on this date to the offices of addressee(s).

[X]  (FEDERAL)   I declare that I am employed in the office of a
     member of the bar of this court at whose direction the service
     was made.

Executed on March 24, 1994, at Redwood City, California.

_Jeri Tovey_
Jeri Tovey

LAW OFFICES
Ropers, Majeski, Kohn,
Bentley, Wagner & Kane
A Professional Corporation
1001 Marshall Street
Redwood City, CA 94063
(415) 364-8200

EXHIBIT B

CLOSED

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:95-cv-02377-MHP

UTHE Technology Corp v. Allen, et al
Assigned to: Hon. Marilyn H. Patel
Referred to: Magistrate Judge Patricia V. Trumbull
Demand: $0
Case in other court: SClara Superior Ct, 733225
                  94-15496
Cause: 18:1962 Racketeering (RICO) Act

Date Filed: 08/20/1993
Date Terminated: 10/27/1997
Jury Demand: Defendant
Nature of Suit: 470 Racketeer/Corrupt
Organization
Jurisdiction: Federal Question

**Plaintiff**

**UTHE Technology Corporation**      represented by  **Harold J. McElhinny**
Morrison & Foerster LLP
425 Market St
San Francisco, CA 94105-2482
(415) 268-7000
Email: HMcElhinny@mofo.com
*TERMINATED: 10/31/1996*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Y. Chan**
Robert Y. Chan Law Office
131 Steuart St 4th Flr
San Francisco, CA 94105
(415) 541-9100
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter C. Kohn**
Ropers Majeski Kohn & Bentley
1001 Marshall St
Redwood City, CA 94063
650-364-8200
*TERMINATED: 05/27/1994*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Peter Kwan**      represented by  **Ann S. Crownover**
Walsh Donovan & Keech LLP
595 Market St

Ste 2000
San Francisco, CA 94105
(415)536-7800
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles S. Donovan**
Walsh Donovan & Keech LLP
595 Market St
Ste 2000
San Francisco, CA 94105
(415)536-7800
Email: cdonovan@sheppardmullin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Y. K. Chow**

**Defendant**
**Francis Chua**      represented by **Ann S. Crownover**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles S. Donovan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Katherine Yip**

**Defendant**
**Harry Allen**      represented by **Karen Leanne Kennard**
McCutchen Doyle Brown Enersen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
415-393-2626
Email: kkennard@mdbe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Aetrium, Inc.**      represented by **Karen Leanne Kennard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/1993 | 1 | NOTICE OF REMOVAL (no process) by defendant from Santa Clara County Superior Court, Case Number: 733225 ; Summons, Complaint, Fee status pd entered on 8/20/93 in the amount of $ 120.00 ( Receipt No. 103930) (ab, COURT STAFF) (Entered: 08/20/1993) |
| 08/20/1993 | 2 | ORDER RE COURT PROCEDURE and SCHEDULE by Judge James Ware : counsels' case management statement to be filed by 12/10/93 ; initial case management conference will be held 10:30 12/20/93 . (cc: all counsel) (ab, COURT STAFF) (Entered: 08/20/1993) |
| 08/24/1993 | | RECEIVED stipulation extending time to plead submitted by defendant (ab, COURT STAFF) (Entered: 08/25/1993) |
| 08/26/1993 | | RECEIVED proposed order extending time to plead submitted by defendants Harry Allen, and Aetrium, Inc. (ab, COURT STAFF) (Entered: 09/08/1993) |
| 08/30/1993 | 3 | STIPULATION extending time to plead to 9/13/93 (ab, COURT STAFF) (Entered: 09/08/1993) |
| 08/30/1993 | 4 | STIPULATION extending time to plead (ab, COURT STAFF) (Entered: 09/08/1993) |
| 08/30/1993 | 5 | CLERK'S NOTICE Initial Case Management Conference set for 10:30 1/21/94 (ab, COURT STAFF) (Entered: 09/08/1993) |
| 08/30/1993 | 6 | ORDER by Judge James Ware extending time to answer to 9/13/93 ( Date Entered: 9/8/93) (cc: all counsel) (ab, COURT STAFF) (Entered: 09/08/1993) |
| 09/03/1993 | 7 | FIRST AMENDED COMPLAINT by plaintiff; jury demand (ab, COURT STAFF) (Entered: 09/10/1993) |
| 09/10/1993 | 8 | PROOF OF SERVICE by defendants Harry Allen, and Aetrium, Inc. of notice of continuance (ab, COURT STAFF) (Entered: 09/14/1993) |
| 09/17/1993 | | SUMMONS issued as to defendant Katherine Yip (ab, COURT STAFF) (Entered: 09/21/1993) |
| 09/17/1993 | | SUMMONS issued as to defendant Y. K. Chow (ab, COURT STAFF) (Entered: 09/21/1993) |
| 09/23/1993 | 9 | MOTION by defendants Harry Allen, and Aetrium, Inc. to stay proceedings pending arbitration with Notice set for 10/22/93 9 a.m. (ab, COURT STAFF) (Entered: 09/29/1993) |
| 09/23/1993 | 10 | MEMORANDUM by defendants Harry Allen, and Aetrium, Inc. in support of motion to stay proceedings pending arbitration [9-1] (ab, COURT STAFF) (Entered: 09/29/1993) |
| 09/23/1993 | 11 | DECLARATION by Craig Cook on behalf of defendants Harry Allen, and Aetrium, Inc. re motion to stay proceedings pending arbitration [9-1] (ab, COURT STAFF) (Entered: 09/29/1993) |
| 09/23/1993 | | RECEIVED proposed order granting motion to stay submitted by defendants |

| | | Harry Allen, and Aetrium, Inc. re: [9-1] (ab, COURT STAFF) (Entered: 09/29/1993) |
|---|---|---|
| 09/23/1993 | 12 | MOTION by defendants Peter Kwan, and Francis Chua to stay action pending arbitration , or, in alternative, to dismiss with Notice set for 10/22/93 9 a.m. (ab, COURT STAFF) (Entered: 09/30/1993) |
| 09/23/1993 | 13 | MEMORANDUM by defendants Peter Kwan, and Francis Chua in support of motion to stay action pending arbitration [12-1], of motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 09/30/1993) |
| 09/23/1993 | 14 | MEMORANDUM by defendants Peter Kwan, and Francis Chua in support of motion to stay action pending arbitration [12-1], of motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 09/30/1993) |
| 09/23/1993 | 15 | DECLARATION by Peter Kwan on behalf of defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1], re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 09/30/1993) |
| 09/23/1993 | 16 | DECLARATION by Charles Donovan on behalf of defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1], re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 09/30/1993) |
| 09/23/1993 | 17 | DECLARATION by Lim Joo Toon on behalf of defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1], re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 09/30/1993) |
| 09/23/1993 | 18 | PROOF OF SERVICE by defendants Peter Kwan, and Francis Chua of documents No. 12-17 (ab, COURT STAFF) (Entered: 09/30/1993) |
| 09/23/1993 | | RECEIVED proposed order re motion to dismiss submitted by defendants (ab, COURT STAFF) Modified on 11/24/1999 (Entered: 09/30/1993) |
| 09/23/1993 | | RECEIVED proposed order re motion to stay submitted by defendants (ab, COURT STAFF) (Entered: 09/30/1993) |
| 10/08/1993 | 19 | OBJECTIONS by plaintiff to declaration of Peter Kwan [15-1] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | 20 | OBJECTIONS by plaintiff to declaration of Craig A. Cook [11-1] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | 21 | OBJECTIONS by plaintiff to declaration of Lim Joo Toon [17-1] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | 22 | MEMORANDUM by plaintiff in opposition to motion to stay proceedings pending arbitration [9-1] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | 23 | DECLARATION by J. Michael Goodson on behalf of plaintiff re opposition memorandum [22-1] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | 24 | DECLARATION by Goh Soon Hock on behalf of plaintiff re opposition memorandum [22-1] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | 25 | PROOF OF SERVICE by plaintiff of documents No. 22-24 (ab, COURT |

| | | |
|---|---|---|
| | | STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | | RECEIVED proposed order submitted by plaintiff re: [22-1] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | 26 | MEMORANDUM by plaintiff in opposition to motion to stay action pending arbitration [12-1] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | 27 | PROOF OF SERVICE by plaintiff of document no. 26 (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | | RECEIVED proposed order submitted by plaintiff re: [26-1] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | 28 | MEMORANDUM by plaintiff in opposition to motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/08/1993 | | RECEIVED proposed order submitted by plaintiff re: [28-1] (ab, COURT STAFF) (Entered: 10/13/1993) |
| 10/15/1993 | 29 | REQUEST by defendant Peter Kwan, defendant Francis Chua for judicial notice (ab, COURT STAFF) (Entered: 10/20/1993) |
| 10/15/1993 | 30 | REPLY by defendant Peter Kwan, defendant Francis Chua re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 10/20/1993) |
| 10/15/1993 | 31 | REPLY brief by defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1] (ab, COURT STAFF) (Entered: 10/20/1993) |
| 10/15/1993 | 32 | Second DECLARATION by Lim Joo Toon on behalf of defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1], re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 10/20/1993) |
| 10/15/1993 | 33 | Second DECLARATION by Peter Kwan on behalf of defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1] (ab, COURT STAFF) (Entered: 10/20/1993) |
| 10/15/1993 | 34 | DECLARATION by Peter Kwan on behalf of defendant Peter Kwan, defendant Francis Chua re motion to stay action pending arbitration [12-1], re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 10/20/1993) |
| 10/15/1993 | 35 | DECLARATION by Lim Joo Toon on behalf of defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1], re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 10/20/1993) |
| 10/15/1993 | 36 | PROOF OF SERVICE by defendants Peter Kwan, and Francis Chua of documents No. 29-35 (ab, COURT STAFF) (Entered: 10/20/1993) |
| 10/15/1993 | 37 | REPLY memo by defendants Harry Allen, and Aetrium, Inc. re motion to stay proceedings pending arbitration [9-1] (ab, COURT STAFF) (Entered: 10/20/1993) |
| 10/21/1993 | 38 | DECLARATION by J. Michael Goodson on behalf of plaintiff re opposition memorandum [28-1], re opposition memorandum [26-1] (ab, COURT STAFF) Modified on 10/25/1993 (Entered: 10/25/1993) |

| 10/21/1993 | 39 | DECLARATION by Goh Soon Hock on behalf of plaintiff re opposition memorandum [28-1], re opposition memorandum [26-1] (ab, COURT STAFF) (Entered: 10/25/1993) |
|---|---|---|
| 10/22/1993 | 40 | MINUTES: ( C/R not reported) that the defendant's motion to stay action pending arbitration [12-1] is submitted without oral argument (ab, COURT STAFF) (Entered: 11/03/1993) |
| 10/22/1993 | 41 | ORIGINAL DECLARATION by Lim Joo Toon on behalf of defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1], re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 11/03/1993) |
| 10/22/1993 | 42 | ORIGINAL SECOND DECLARATION by Lim Joo Toon on behalf of defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1], re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 11/03/1993) |
| 10/22/1993 | 43 | ORIGINAL DECLARATION by Peter Kwan on behalf of defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1], re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 11/03/1993) |
| 10/22/1993 | 44 | ORIGINAL SECOND DECLARATION by Peter Kwan on behalf of defendants Peter Kwan, and Francis Chua re motion to stay action pending arbitration [12-1], re motion to dismiss [12-2] (ab, COURT STAFF) (Entered: 11/03/1993) |
| 10/22/1993 | 45 | PROOF OF SERVICE by defendants Peter Kwan, and Francis Chua of documents No. 41-44 (ab, COURT STAFF) (Entered: 11/03/1993) |
| 12/08/1993 | 46 | ORDER by Judge James Ware granting motion to stay proceedings pending arbitration [9-1], granting motion to stay action pending arbitration [12-1], granting motion to dismiss [12-2] Case Management Conference set for 10:00 1/21/94; defendant's request for attorney fees is denied ( Date Entered: 12/15/93) (cc: all counsel) [5:93-cv-20614] (ab, COURT STAFF) (Entered: 12/15/1993) |
| 12/20/1993 | 47 | MOTION by plaintiff for relief from order , or in alternative for reconsideration with Notice set for 1/29/94 9 a.m. [5:93-cv-20614] (ab, COURT STAFF) (Entered: 12/23/1993) |
| 12/20/1993 | 48 | MEMORANDUM by plaintiff in support of motion for relief from order [47-1], of motion for reconsideration [47-2] [5:93-cv-20614] (ab, COURT STAFF) (Entered: 12/23/1993) |
| 12/20/1993 |  | RECEIVED proposed order granting motion to vacate submitted by plaintiff [5:93-cv-20614] (ab, COURT STAFF) (Entered: 12/23/1993) |
| 01/14/1994 | 49 | BRIEF FILED in opposition by defendants Peter Kwan, and Francis Chua in opposition to motion for relief from order and alternative motion to reconsider [5:93-cv-20614] (ab, COURT STAFF) (Entered: 01/19/1994) |
| 01/14/1994 |  | RECEIVED proposed order re motion for relief from order and alternative motion to reconsider submitted by defendants Peter Kwan, and Francis Chua [5:93-cv-20614] (ab, COURT STAFF) (Entered: 01/19/1994) |

| 01/14/1994 | 50 | MEMORANDUM by defendants Harry Allen, and Aetrium, Inc. in opposition to motion for relief from order [47-1] [5:93-cv-20614] (ab, COURT STAFF) (Entered: 01/24/1994) |
| 01/21/1994 | 51 | REPLY brief by plaintiff re motion for relief from order [47-1], re motion for reconsideration [47-2] [5:93-cv-20614] (ab, COURT STAFF) (Entered: 01/25/1994) |
| 01/21/1994 | 58 | MINUTES: ( C/R not reported) Case Management Conference reset for 9:00 1/28/94 [5:93-cv-20614] (ab, COURT STAFF) (Entered: 02/08/1994) |
| 01/28/1994 | 52 | MOTION by plaintiff for leave to file second amended complaint with Notice set for 3/4/94 9 a.m. [5:93-cv-20614] (ab, COURT STAFF) (Entered: 02/02/1994) |
| 01/28/1994 | 53 | MEMORANDUM by plaintiff in support of motion for leave to file second amended complaint [52-1] [5:93-cv-20614] (ab, COURT STAFF) (Entered: 02/02/1994) |
| 01/28/1994 | 54 | DECLARATION by Byron Fleck on behalf of plaintiff re motion for leave to file second amended complaint [52-1] [5:93-cv-20614] (ab, COURT STAFF) (Entered: 02/02/1994) |
| 01/28/1994 |  | RECEIVED Second Amended Complaint submitted by plaintiff re: [52-1] [5:93-cv-20614] (ab, COURT STAFF) (Entered: 02/02/1994) |
| 01/28/1994 | 57 | MINUTES: ( C/R Machelle Rocha) that the motion for relief from order [47-1] and motion for reconsideration [47-2] is submitted [5:93-cv-20614] (ab, COURT STAFF) (Entered: 02/08/1994) |
| 02/02/1994 | 55 | PROOF OF SERVICE by plaintiff of reply brief in support of motion for relief from order, alternative motion to reconsider [5:93-cv-20614] (ab, COURT STAFF) (Entered: 02/03/1994) |
| 02/04/1994 | 56 | PROOF OF SERVICE by plaintiff of motion for leave to file 2nd amended complaint and related documents [5:93-cv-20614] (ab, COURT STAFF) (Entered: 02/04/1994) |
| 02/18/1994 | 59 | ORDER by Judge James Ware denying plaintiff's motions for leave to file second amended complaint [52-1], and motion for reconsideration [47-2]; Further Case Management Conference set for 10:30 3/18/94 ( Date Entered: 3/1/94) (cc: all counsel) [5:93-cv-20614] (ab, COURT STAFF) (Entered: 03/01/1994) |
| 03/14/1994 | 60 | NOTICE OF APPEAL by plaintiff from Dist. Court decision [59-1], order [59-2] pd, no docketing statement, tno given [5:93-cv-20614] (ab, COURT STAFF) (Entered: 03/18/1994) |
| 03/18/1994 |  | Docket fee notification form and case information sheet to USCA [60-1] [5:93-cv-20614] (ab, COURT STAFF) (Entered: 03/18/1994) |
| 03/18/1994 |  | Copy of notice of appeal and docket sheet to all counsel [5:93-cv-20614] (ab, COURT STAFF) (Entered: 03/18/1994) |
| 03/21/1994 | 61 | MINUTES: ( C/R not reported) Case management conference off calendar , |

| | | |
|---|---|---|
| | | appeal filed, action stayed [5:93-cv-20614] (ab, COURT STAFF) (Entered: 03/25/1994) |
| 03/24/1994 | 63 | TRANSCRIPT DESIGNATION and Ordering Form filed by plaintiff for dates 1/28/94 ; C/R: Joanne Bryce; appeal [60-1] [5:93-cv-20614] (ab, COURT STAFF) (Entered: 03/30/1994) |
| 03/28/1994 | 62 | ORDER by Judge James Ware terminating removing matter from program (case stayed) ( Date Entered: 3/28/94) (cc: all counsel) [5:93-cv-20614] (ab, COURT STAFF) (Entered: 03/28/1994) |
| 04/13/1994 | 64 | REPORTER'S TRANSCRIPT; Date of proceedings: 01/28/94 ( C/R: Machelle Rocha) [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 04/14/1994) |
| 04/14/1994 | | CERTIFICATE of Record mailed to USCA, counsel notified. [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 04/14/1994) |
| 04/14/1994 | | NOTIFICATION by Circuit Court of Appellate Docket Number 94-15496 [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 04/14/1994) |
| 05/27/1994 | 67 | ATTORNEY SUBSTITUTION: terminating attorney Walter C. Kohn for pltf UTHE Technology Corp as counsel and substituting in attorney Harold J. McElhinny [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 06/08/1994) |
| 05/31/1994 | 65 | ORDER by Judge Thelton E. Henderson Case reassigned to Judge Robert P. Aguilar ( Date Entered: 06/02/94) (cc: all counsel) [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 06/02/1994) |
| 06/01/1994 | 66 | ORDER by Judge Robert P. Aguilar setting status conference for 1:30 7/13/94 (cc: all counsel) [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 06/02/1994) |
| 06/09/1994 | 75 | CERTIFIED COPY of USCA Order: dismissing the appeal [60-1] [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 11/07/1994) |
| 07/06/1994 | 68 | STATUS CONFERENCE STATEMENT by dfts Harry Allen, Aetrium, Inc. [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 07/08/1994) |
| 07/06/1994 | 69 | PROOF OF SERVICE by Harry Allen, Aetrium, Inc. of document #68 [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 07/08/1994) |
| 07/13/1994 | 70 | MINUTES: ( C/R not reported) Status conference set for 9:00 9/9/94 ; [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 07/26/1994) |
| 07/22/1994 | 71 | SCHEDULING ORDER by Judge Robert P. Aguilar : ; status conference set for 9:00 9/9/94 (cc: all counsel) [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 07/26/1994) |
| 08/29/1994 | 72 | STATUS CONFERENCE STATEMENT by Defendant Harry Allen, Defendant Aetrium, Inc. [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 09/09/1994) |
| 08/30/1994 | 73 | STATUS CONFERENCE STATEMENT by Plaintiff UTHE Technology Corp [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 09/09/1994) |
| | | |

| 09/01/1994 | 74 | ORDER RE COURT PROCEDURE and SCHEDULE by Judge Robert P. Aguilar : counsels' case management statement to be filed by 4/28/95 ; initial case management conference will be held 11:00 5/5/95 . (cc: all counsel) (cv, COURT STAFF) (Entered: 09/16/1994) |
|---|---|---|
| 04/14/1995 | 76 | CLERK'S NOTICE Case Management Conference set for 11:00 5/26/95 ; [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 04/21/1995) |
| 04/28/1995 | 77 | STATUS CONFERENCE STATEMENT by Plaintiff UTHE Technology Corp [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 05/01/1995) |
| 05/18/1995 | 78 | STATUS CONFERENCE STATEMENT by dfts Harry Allen, Aetrium, Inc. [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 05/30/1995) |
| 05/22/1995 | 79 | ORDER by Judge Robert P. Aguilar Status conference set for 9:00 12/1/95 , The court orders that the case caption shall read Uthe Technology Corp. v. Harry Allen and Aetrium, Inc. ( Date Entered: 05/30/95) (cc: all counsel) [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 05/30/1995) |
| 07/07/1995 | 80 | ORDER by Assignment Committee Case reassigned to Judge Marilyn H. Patel in the San Francisco Division. Case assigned the following new number C95-02377 MHP ( Date Entered: 07/14/95) (cc: all counsel) [5:93-cv-20614] (dhm, COURT STAFF) (Entered: 07/14/1995) |
| 09/20/1995 | 81 | LETTER dated 9/15/95 from Harold J. McElhinny re arbitration [3:95-cv-02377] (gba, COURT STAFF) (Entered: 09/25/1995) |
| 03/28/1996 | 82 | LETTER dated 3/27/96 from Harold J. McElhinny re Singapore Arbitration [3:95-cv-02377] (gba, COURT STAFF) (Entered: 03/29/1996) |
| 04/05/1996 | 83 | LETTER dated 4/4/96 from Harold J. McElhinny confirming the case management conference for 10/11/96 at 9:30 [3:95-cv-02377] (gba, COURT STAFF) (Entered: 04/08/1996) |
| 10/07/1996 | 84 | STATUS CONFERENCE STATEMENT by defendant Harry Allen, defendant Aetrium, Inc. [3:95-cv-02377] (gba, COURT STAFF) (Entered: 10/08/1996) |
| 10/11/1996 | 85 | MINUTES: (C/R not reported) CASE MANAGEMENT CONFERENCE HELD. Parties are to work on a preservation order. Matter is continued to 12/6/96 at 9:30 a.m. for further case management conference. (11/29/96 - Jt CMC Statement) [3:95-cv-02377] (gba, COURT STAFF) (Entered: 10/18/1996) |
| 10/31/1996 | 86 | ORDER by Judge Marilyn H. Patel withdrawing attorney Harold J. McElhinny for UTHE Technology Corp, attorney Walter C. Kohn for UTHE Technology Corp and substituting attorney Robert Y. Chan (cc: all counsel) [3:95-cv-02377] (gba, COURT STAFF) (Entered: 11/08/1996) |
| 11/27/1996 | 87 | STATUS CONFERENCE STATEMENT by Plaintiff [3:95-cv-02377] (gba, COURT STAFF) (Entered: 12/06/1996) |
| 11/27/1996 | 88 | STATUS CONFERENCE STATEMENT by defendant Harry Allen, defendant Aetrium, Inc. [3:95-cv-02377] (gba, COURT STAFF) (Entered: |

| | | |
|---|---|---|
| | | 12/06/1996) |
| 12/03/1996 | 89 | SUPPLEMENT by Plaintiff re statement status [87-1] [3:95-cv-02377] (gba, COURT STAFF) (Entered: 12/06/1996) |
| 12/06/1996 | 90 | LETTER dated 12/4/96 from Robert Y. Chan confirming that the status conference for 12/6/96 has been continued to 1/10/97 at 9:30 a.m. [3:95-cv-02377] (gba, COURT STAFF) (Entered: 12/09/1996) |
| 01/10/1997 | 91 | MINUTES: (C/R not reported) Further case management conference - held [3:95-cv-02377] (gba, COURT STAFF) (Entered: 01/23/1997) |
| 03/07/1997 | 92 | OBJECTIONS by defendant Harry Allen, defendant Aetrium, Inc. to plaintiff's request for discovery during pendency of stay [3:95-cv-02377] (gba, COURT STAFF) (Entered: 03/10/1997) |
| 03/21/1997 | 93 | REPLY by Plaintiff re defendants' objection [92-1] [3:95-cv-02377] (gba, COURT STAFF) (Entered: 03/24/1997) |
| 03/27/1997 | 94 | NOTICE by Plaintiff of change of address and firm name [3:95-cv-02377] (gba, COURT STAFF) (Entered: 03/27/1997) |
| 04/10/1997 | 95 | LETTER dated 4/8/97 from Karen L. Kennard confirming that the hearing on defendants' objections has been scheduled for 5/30/97 at 10:30 a.m. [3:95-cv-02377] (gba, COURT STAFF) (Entered: 04/14/1997) |
| 05/19/1997 | 96 | LETTER dated 5/15/97 from Robert Y. Chan addressed to Ms. Kennard confirming that defendants' objections has taken the hearing off calendar. [3:95-cv-02377] (gba, COURT STAFF) (Entered: 05/21/1997) |
| 09/26/1997 | 97 | LETTER dated 9/24/97 from Robert Y. Chan re discovery dispute [3:95-cv-02377] (gba, COURT STAFF) (Entered: 10/09/1997) |
| 09/30/1997 | 98 | LETTER dated 9/26/97 from Karen L. Kennard re discovery dispute [3:95-cv-02377] (gba, COURT STAFF) (Entered: 10/09/1997) |
| 10/14/1997 | 99 | LETTER dated 10/9/97 from Karen L. Kennard confirming the status conference for 10/21/97 at 11:00 a.m. [3:95-cv-02377] (gba, COURT STAFF) (Entered: 10/15/1997) |
| 10/14/1997 | | Docket Modification (Administrative) to letter [99-1] Status conference set for 11:00 10/21/97 ; [3:95-cv-02377] (gba, COURT STAFF) (Entered: 10/15/1997) |
| 10/15/1997 | 100 | STATUS CONFERENCE STATEMENT by defendant Harry Allen, defendant Aetrium, Inc. [3:95-cv-02377] (gba, COURT STAFF) (Entered: 10/15/1997) |
| 10/15/1997 | 101 | STATUS CONFERENCE STATEMENT by Plaintiff [3:95-cv-02377] (gba, COURT STAFF) (Entered: 10/20/1997) |
| 10/21/1997 | 102 | MINUTES: (C/R Jim Yeomans) (Hearing Date: 10/21/97) Phone conference - discovery dispute - held ; The stay was addressed. The court was informed about the current status of the arbitration in Singapore. The court will be issued an administrative closing order. Ms. Kennard will be submitting an |

| | | |
|---|---|---|
| | | order denying the discovery request and the stay. [3:95-cv-02377] (gba, COURT STAFF) (Entered: 10/23/1997) |
| 10/22/1997 | | RECEIVED proposed order denying request for discovery and continuing stay of action submitted by defendant Harry Allen, defendant Aetrium, Inc. [3:95-cv-02377] (gba, COURT STAFF) (Entered: 10/23/1997) |
| 10/27/1997 | 103 | ORDER by Judge Marilyn H. Patel that plaintiff's request for discovery from defendants Aetrium and Allen is DENIED. This action will remain stayed pursuant to the 12/8/93 order entered by the Hon. James Ware, pending resolution of the arbitration in Singapore of the underlying dispute between plaintiff and former defendants Peter Kwan and Francis Chua (cc: all counsel) [3:95-cv-02377] (gba, COURT STAFF) (Entered: 11/04/1997) |
| 10/27/1997 | 104 | ORDER by Judge Marilyn H. Patel dismissing case for statistical purposes ; appeal filing ddl 12/4/97 (cc: all counsel) [3:95-cv-02377] (gba, COURT STAFF) (Entered: 11/04/1997) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/18/2012 11:05:08 | | | |
| **PACER Login:** | wh0019 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:95-cv-02377-MHP |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 9665 Wilshire Blvd., Suite 200, Beverly Hills, California 90212.

On May 18, 2012, I served the within document(s):

**MOTION TO REOPEN ADMINISTRATIVELY CLOSED CASE AND LIFT STAY**

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

Bingham
Three Embarcadero Center
San Francisco, CA 94111-4067
(415) 393-2000

Walsh Donovan Lindh & Keech LLP
595 Market Street, Suite 2000
San Francisco, CA 94105
(415) 536-7800

Karen Leanne Kennard, Esq.
Deloitte LLP
555 Mission Street, 14th Floor
San Francisco, CA 94105
(415) 783-4000

Ann S. Crownover, Esq.
3245 Clay Street, Apartment 9
San Francisco, CA 94115

*Attorneys for Defendants Harry Allen and Aetrium, Inc.*

Charles S. Donovan, Esq.
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA 94111
(415) 434-9100

*Attorney for Defendants Peter Kwan and Francis Chua*

2082036-2

1    I am readily familiar with the firm's practice of collection and processing
2 correspondence for mailing and for shipping via overnight delivery service. Under
3 that practice it would be deposited with the U.S. Postal Service or if an overnight
4 delivery service shipment, deposited in an overnight delivery service pick-up box or
5 office on the same day with postage or fees thereon fully prepaid in the ordinary
6 course of business.

7    I declare under penalty of perjury under the laws of the State of
8 California that the above is true and correct.

9    Executed on May 18, 2012, at Los Angeles, California.

Lauren J. Kaplan

**MOTION TO REOPEN ADMINISTRATIVELY CLOSED CASE AND LIFT STAY**

2082036-2