DAVID B. POTTER (Pro Hac Vice)
EDWARD M. LAINE (Pro Hac Vice)
ARCHANA NATH (Pro Hac Vice)
OPPENHEIMER WOLFF & DONNELLY LLP
Campbell Mithun Tower – Suite 2000
222 South Ninth Street
Minneapolis, Minnesota 55402-3338
Telephone: 612.607.7000
Facsimile: 612.607.7100
Email: dpotter@oppenheimer.com
   elaine@oppenheimer.com
   anath@oppenheimer.com

ANN E. JOHNSTON (State Bar No. 141252)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-aej@cpdb.com

Attorneys for Defendants
HARRY ALLEN AND AETRIUM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| UTHE TECHNOLOGY CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>HARRY ALLEN and AETRIUM, INC.,<br><br>  Defendants. | Case No. 3:95-cv-02377-WHA<br><br>**DEFENDANTS' ANSWER TO UTHE'S SECOND AMENDED COMPLAINT** |

Defendants Aetrium, Incorporated ("Aetrium") and Harry Allen (collectively "Defendants"), for their Answer to the Second Amended Complaint, state:

## JURISDICTION AND VENUE

  1. Defendants admit the allegations contained in paragraph 1 of the Second Amended Complaint.

///

## PARTIES

2. In relation to paragraph 2 of the Second Amended Complaint, Defendants admit, on information and belief, that Uthe Technology Corporation ("Uthe") is incorporated in New Jersey with its principal place of business in Milpitas, California. Defendants affirmatively state, on information and belief, that in 1992, Uthe manufactured and sold equipment used in the wire bonding process during the initial semiconductor assembly phase, which takes place before a computer chip is packaged in a form that allows the chip to connect to and communicate with external objects. Except as expressly admitted above, Defendants deny the remaining allegations in paragraph 2 of the Second Amended Complaint.

3. In relation to paragraph 3 of the Second Amended Complaint, Defendants admit that Aetrium is incorporated in Minnesota with its principal place of business in St. Paul, Minnesota. Defendants affirmatively state that in 1992, Aetrium manufactured test handlers that automate the functional testing of semiconductors after they are fully manufactured, assembled and packaged. Defendants affirmatively state that Aetrium did not manufacture the same equipment as Uthe or equipment competitive with Uthe equipment in 1992 or at any time before or since 1992. Except as expressly admitted above, Defendants deny the remaining allegations in paragraph 3 of the Second Amended Complaint.

4. In relation to paragraph 4 of the Second Amended Complaint, Defendants admit that Harry Allen is an individual who, in 1992, was Aetrium's sales manager for Asia. Except as expressly admitted above, Defendants deny the remaining allegations contained in paragraph 4 of the Second Amended Complaint.

## ALLEGATIONS SUPPORTING CLAIMS AGAINST DEFENDANTS

5. In relation to paragraph 5 of the Second Amended Complaint, Defendants admit that in 1992, Uthe Technology (Singapore) PTE, Ltd. ("UST") was a Singapore corporation that acted as a distributor for Aetrium equipment to Aetrium customers in specific territories in Asia. Except as expressly admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Second Amended Complaint and, therefore, deny the same.

6. In relation to paragraph 6 of the Second Amended Complaint, Defendants admit that in 1992, UST was a Singapore corporation that acted as a distributor for Aetrium equipment to Aetrium customers in specific territories in Asia. Except as expressly admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Second Amended Complaint and, therefore, deny the same.

7. In relation to paragraph 7 of the Second Amended Complaint, Defendants admit that in 1992, UST was a Singapore corporation that acted as a distributor for Aetrium equipment to Aetrium customers in specific territories in Asia. Except as expressly admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Second Amended Complaint and, therefore, deny the same.

8. In relation to paragraph 8 of the Second Amended Complaint, Defendants affirmatively state that Aetrium entered into a written distribution contract with UST ("Aetrium-UST Agreement") for two years (not twenty years as alleged) that thereafter automatically renewed for one-year periods unless terminated as provided in the Aetrium-UST Agreement. Defendants affirmatively state that the Aetrium-UST Agreement speaks for itself. Except as expressly admitted above, Defendants deny the remaining allegations in paragraph 8 of the Second Amended Complaint.

9. In relation to paragraph 9 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

10. In relation to paragraph 10 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

11. Defendants deny the allegations contained in paragraph 11 of the Second Amended Complaint.

///

12. Defendants deny the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Second Amended Complaint.

15. In relation to paragraph 15 of the Second Amended Complaint, Defendants affirmatively state that in 1992, Aetrium and UST mutually amended the Aetrium-UST Agreement as part of Aetrium's program to amend all of its distribution agreements worldwide. The terms of the 1992 amended Aetrium-UST Agreement and, specifically, the duration and termination provisions, were consistent with the terms of Aetrium's other amended distribution agreements. Defendants further state that Defendants did not terminate the Aetrium-UST Agreement in 1992 or at any time thereafter. Except as expressly admitted above, Defendants deny the remaining allegations contained in paragraph 15 of the Second Amended Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Second Amended Complaint.

17. In relation to paragraph 17 of the Second Amended Complaint, Defendants affirmatively state that under the Aetrium-UST Agreement, UST was allowed to buy Aetrium's equipment at a discounted price, which UST then resold to Aetrium customers in specific Asia territories as defined in the Agreement. In some instances, under the Aetrium-UST Agreement, Aetrium sold products directly to its Asian customers in UST's Asia territories and paid UST a commission on those sales. Consistent with all Aetrium international distributor agreements, the Aetrium-UST Agreement provided that Aetrium had sole discretion over credit terms provided to the distributor. By the summer of 1992, UST owed Aetrium nearly US$500,000 for equipment UST had purchased from Aetrium for resale to Aetrium's Asia customers and UST was submitting additional orders to Aetrium that would drive the balance higher. Aetrium attempted to remedy UST's high balance by taking steps such as instructing UST to have Aetrium's Asia customers, such as National Semiconductor, order from and pay Aetrium directly for Aetrium equipment they

purchased, and Aetrium would then in turn pay UST a commission on such sales as it did for other Aetrium direct sales under the Aetrium-UST Agreement. Except as expressly admitted above, Defendants deny the remaining allegations contained in paragraph 17 of the Second Amended Complaint.

18. In relation to paragraph 18 of the Second Amended Complaint, Defendants admit that Aetrium had no ownership interest in "the secret corporation." Except as expressly admitted above, Defendants deny the remaining allegations contained in paragraph 18 of the Second Amended Complaint.

19. In relation to paragraph 19 of the Second Amended Complaint, Defendants affirmatively state that in 1992 and thereafter, Aetrium was a world leader in the manufacturing of test handlers used in the functional testing of semiconductors after they are fully manufactured, assembled and packaged. Except as expressly admitted above, Defendants deny the remaining allegations contained in paragraph 19 of the Second Amended Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Second Amended Complaint.

## **PROCEDURAL HISTORY OF THE LITIGATION**

22. In relation to paragraph 22 of the Second Amended Complaint, Defendants admit that Uthe originally filed this action on July 21, 1993, in Santa Clara County Superior Court against Peter Kwan, Y.K Chow, Francis Chua and Katherine Yip ("Singapore Defendants") and Defendants and that the case was removed to this Court on diversity and federal question jurisdiction. Except as expressly admitted above, Defendants deny the remaining allegations contained in paragraph 22 of the Second Amended Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Second Amended Complaint.

24. In relation to paragraph 24 of the Second Amended Complaint, Defendants admit, on information and belief, that Uthe and the Singapore Defendants engaged in a lengthy

arbitration in Singapore. Defendants admit, on information and belief, that on June 30, 2005, the Singapore arbitrator issued a liability award in favor of Uthe and admit, on information and belief, that on March 23, 2012, the arbitrator issued a damages award awarding Uthe $12,786,350 (Singapore dollars). Except as expressly admitted above, Defendants deny the remaining allegations contained in paragraph 24 of the Second Amended Complaint.

25. In relation to paragraph 25 of the Second Amended Complaint, Defendants admit they were not parties to the Singapore Arbitration and no claims were asserted against Defendants in the Singapore Arbitration. Except as expressly admitted above, Defendants deny the remaining allegations contained in paragraph 25 of the Second Amended Complaint.

26. Defendants admit the allegations contained in paragraph 26 of the Second Amended Complaint.

27. Paragraph 27 of the Second Amended Complaint contains no factual allegations that Defendants can either admit or deny. To the extent a response is required, Defendants deny any allegations contained in paragraph 27 of the Second Amended Complaint.

## COUNT I

### (Against AETRIUM and Allen)

### FRAUD BY OMISSION

28. Defendants restate their responses to paragraphs 1 through 21 of the Second Amended Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Second Amended Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Second Amended Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Second Amended Complaint.

///

14906.001 2197224v1　　　　　　　　　　　　6　　　　　　　　　　　3:95-cv-02377-WHA
**DEFENDANTS' ANSWER TO UTHE'S SECOND AMENDED COMPLAINT**

33. Defendants deny the allegations contained in paragraph 33 of the Second Amended Complaint.

## COUNT II

### (Against AETRIUM and Allen)

### CONSPIRACY TO COMMIT FRAUD

34. Defendants restate their responses to paragraphs 1 through 21 and 28 through 33 of the Second Amended Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Second Amended Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Second Amended Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Second Amended Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Second Amended Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Second Amended Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Second Amended Complaint.

## COUNT III

### (Against AETRIUM and Allen)

### CONVERSION

41. Defendants restate their responses to paragraphs 1 through 21 and 28 through 40 of the Second Amended Complaint.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Second Amended Complaint and, therefore, deny the same.

///

43. Defendants deny the allegations contained in paragraph 43 of the Second Amended Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Second Amended Complaint.

## COUNT IV

### (Against AETRIUM and Allen)

### INTENTIONAL INTERFERENCE WITH CONTRACT

45. Defendants restate their responses to paragraphs 1 through 21 and 28 through 44 of the Second Amended Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Second Amended Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Second Amended Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Second Amended Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Second Amended Complaint.

## COUNT V

### (Against AETRIUM and Allen)

### INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

50. Defendants restate their responses to paragraphs 1 through 21 and 28 through 49 of the Second Amended Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Second Amended Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Second Amended Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Second Amended Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Second Amended Complaint.

### COUNT VI

### (Against AETRIUM and Allen)

### CIVIL RICO

55. Defendants restate their responses to paragraphs 1 through 21 and 28 through 54 of the Second Amended Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Second Amended Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Second Amended Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Second Amended Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Second Amended Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Second Amended Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Second Amended Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Second Amended Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Second Amended Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Second Amended Complaint.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence one of paragraph 65 of the Second Amended

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

Complaint and, therefore, deny the same. Except as expressly admitted above, Defendants deny the remaining allegations contained in paragraph 65 of the Second Amended Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Second Amended Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Second Amended Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Second Amended Complaint.

## COUNT VII

### (Against AETRIUM and Allen)

### SECURITIES FRAUD

69. Defendants restate their responses to paragraphs 1 through 21 and 28 through 68 of the Second Amended Complaint.

70. In relation to paragraph 70 of the Second Amended Complaint, Uthe's Securities Fraud claim has been dismissed and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 70 of the Second Amended Complaint.

71. In relation to paragraph 71 of the Second Amended Complaint, Uthe's Securities Fraud claim has been dismissed and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 71 of the Second Amended Complaint.

72. In relation to paragraph 72 of the Second Amended Complaint, Uthe's Securities Fraud claim has been dismissed and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 72 of the Second Amended Complaint.

73. In relation to paragraph 73 of the Second Amended Complaint, Uthe's Securities Fraud claim has been dismissed and, therefore, no response is required. To the extent a response is

required, Defendants deny the allegations contained in paragraph 73 of the Second Amended Complaint.

74. In relation to paragraph 74 of the Second Amended Complaint, Uthe's Securities Fraud claim has been dismissed and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 74 of the Second Amended Complaint.

75. In relation to paragraph 75 of the Second Amended Complaint, Uthe's Securities Fraud claim has been dismissed and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 75 of the Second Amended Complaint.

76. In relation to paragraph 76 of the Second Amended Complaint, Uthe's Securities Fraud claim has been dismissed and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 76 of the Second Amended Complaint.

## COUNT VIII

### (Against AETRIUM and Allen)

### UNFAIR COMPETITION

77. Defendants restate their responses to paragraphs 1 through 21 and 28 through 76 of the Second Amended Complaint.

78. Paragraph 78 of the Second Amended Complaint contains legal conclusions and, therefore, no response is required. Defendants further state that California Business and Professions Code § 7200, *et seq.* speaks for itself.

79. Defendants deny the allegations contained in paragraph 79 of the Second Amended Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Second Amended Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Second Amended Complaint.

82. Except as expressly admitted, alleged or otherwise qualified hereinabove, Defendants deny each and every allegation contained in the Second Amended Complaint.

## **Affirmative Defenses**

1. Uthe fails to state a claim upon which relief can be granted.

2. Uthe has no standing to pursue some or all of its claims.

3. Uthe's claims may be barred, in whole or in part, by the doctrines of collateral estoppel, res judicata, release, and discharge.

4. Uthe's claims may be barred, in whole or in part, by the doctrines of accord and satisfaction and/or the single recovery rule.

5. Uthe's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches and estoppel.

6. Uthe's claims are barred, in whole or in part, by the applicable statute of limitations.

7. Uthe's claims fail, in whole or in part, for lack of privity.

8. Uthe's statutory claims are barred by the doctrine of extraterritorial application.

9. Defendants at all times acted with conformity with all applicable laws and contractual obligations.

10. Defendants did not owe any duty to Uthe.

11. Uthe failed to mitigate its damages, if any.

12. Uthe cannot recover on its claims because Uthe's alleged injuries and damages, if any, were the result of intervening or superseding events, conduct of Uthe, and/or third parties over whom Defendants had no control.

13. Defendants reserve the right to raise additional affirmative defenses as become known through investigation, discovery or otherwise.

///

///

///

///

14906.001 2197224v1   12   3:95-cv-02377-WHA
**DEFENDANTS' ANSWER TO UTHE'S SECOND AMENDED COMPLAINT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · Fax 415.989.1663

WHEREFORE, Defendants pray for judgment:

1. Dismissing Uthe's Second Amended Complaint in its entirety with prejudice.

2. Awarding Defendants costs and expenses, including reasonable attorneys' fees; and

3. Awarding Defendants such other and further relief deemed just and equitable.

Dated: November 7, 2012  COBLENTZ, PATCH, DUFFY & BASS LLP

By:   O/S Ann E. Johnston
    Ann E. Johnston
    Attorneys for Defendants
    HARRY ALLEN AND AETRIUM, INC.

ANN E. JOHNSTON (State Bar No. 141252)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-aej@cpdb.com

DAVID B. POTTER (Pro Hac Vice)
EDWARD M. LAINE (Pro Hac Vice)
ARCHANA NATH (Pro Hac Vice)
OPPENHEIMER WOLFF & DONNELLY LLP
Campbell Mithun Tower – Suite 2000
222 South Ninth Street
Minneapolis, Minnesota 55402-3338
Telephone: 612.607.7000
Facsimile: 612.607.7100
Email: dpotter@oppenheimer.com
      elaine@oppenheimer.com
      anath@oppenheimer.com