IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTHE TECHNOLOGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HARRY ALLEN and AETRIUM INCORPORATED,<br><br>Defendants.<br>_____ / | No. C 95-02377 WHA<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND VACATING HEARING** |

**INTRODUCTION**

In this action involving a conspiracy to take over a foreign subsidiary of the plaintiff corporation, defendants move for summary judgment based on lack of standing. This order finds that a genuine issue of material fact exists as to whether plaintiff parent company suffered separate harm from its foreign subsidiary. Accordingly, defendants' motion is **DENIED**. The March 28 hearing is **VACATED**.

**STATEMENT**

The parties' allegations are detailed in a prior order (Dkt. No. 144). In brief, plaintiff Uthe Technology Corporation, a manufacturer and distributor of semiconductor equipment, asserts several claims for relief against defendants Aetrium, Inc., a manufacturer of semiconductor equipment, and its former officer in charge of Asian sales Harry Allen. Plaintiff alleges that defendants participated in a conspiracy to create a new corporation and take over plaintiff's former wholly-owned subsidiary, Uthe Singapore. Uthe Singapore was the Asian

distributor of semiconductor equipment for plaintiff and other semiconductor equipment manufacturers, including defendant Aetrium. As a result of the conspiracy, plaintiff allegedly sold Uthe Singapore at a depressed price.

This action was previously stayed in favor of arbitration, which resulted in a $12.2 million damages award against the defendants. Plaintiff then moved to revive the action against the two remaining defendants, Aetrium and Allen. Defendants now move for summary judgment.

**ANALYSIS**

Summary judgment is proper when the pleadings and the evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). An issue is genuine only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party, and material only if the fact may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Defendants raise six distinct arguments why summary judgment should be granted. Each of these arguments fails.

*First*, defendants argue that plaintiff lacks standing because there is no "evidence of direct harm to its manufacturing business, separate and distinct from the harm to its subsidiary" (Br. 1). This order disagrees. In a declaration submitted with its opposition brief, plaintiff's CEO states that prior to the sale of Uthe Singapore, plaintiff sold products to National Semiconductor through Uthe Singapore. National Semiconductor was a customer of plaintiff as well as Uthe Singapore because Uthe Singapore was manufacturing and distributing *plaintiff's* products. When Uthe Singapore was "destroyed" by the conspiracy, Uthe's relationship with National Semiconductor was damaged and plaintiff lost sales of its own products to this customer (Dkt. 153 ¶¶ 5–6). These statements are sufficient to create a genuine issue of material fact regarding whether plaintiff suffered direct harm from defendants' actions in the form of damage to its goodwill and lost sales to its own customers.

*Second*, defendants argue that the above statements in the declaration of plaintiff's CEO are "a mere restatement of the conclusory allegations in the Second Amended Complaint" (Reply

2

10 n.3). This is incorrect. The declaration identifies a specific customer that was lost due to plaintiff's actions and two forms of resulting harm to plaintiff: reputation damage and lost sales.

*Third*, defendants' objection that plaintiff fails "to provide a single detail on [the] . . . lost sales" (*ibid.*) is unavailing. Defendant has moved for summary judgment on the ground that no evidence of direct harm exists. Plaintiff has produced some evidence of direct harm in a declaration. Plaintiff is not required to prove-up the precise amounts of these damages in response to defendants' summary judgment motion. Moreover, discovery as to the precise amounts of these damages remains ongoing between the parties. Summary judgment on specific damage issues at this point would be premature.

*Fourth*, citing a prior order on defendants' motion to dismiss (Dkt. No. 144), defendants argue that Uthe no longer has a claim for consequential damages related to the October 1992 sale. This contention misstates the second amended complaint and the prior order. The prior order dismissed plaintiff's *securities fraud* claim because plaintiff was compensated for the depressed stock sale price by the arbitration award, and because the complaint failed to specify any other special damages (Dkt. No. 144 at 6–7). Damages for other harms, however, are specifically pleaded as to other claims for relief. Notably, the complaint specifies that defendants' conduct harmed plaintiff's own revenue stream and customer relationships (Second Amd. Compl. ¶¶ 48 (Count IV), 53 (Count V)).

*Fifth*, defendants argue that the post-sale harm asserted by plaintiff is incidental to the direct harm the conspiracy caused to Uthe Singapore. The cases cited by defendants to support this contention are inapposite. None of the cases cited by defendants fail to find standing where a plaintiff lost its own customers as a result of harm to a subsidiary.

*Sixth*, defendants argue that the direct harm alleged by plaintiff was already accounted for and remedied in the arbitration award. Here, defendants do not meet their initial burden of production. Specifically, defendants fail to establish how an arbitration award that compensated plaintiff for the depressed sale price and the lost profits due to the use of its former subsidiary also compensated plaintiff for reputational harms and the loss of its own customers.

**CONCLUSION**

Defendants' motion for summary judgment is **DENIED**. The March 28 summary judgment hearing is **VACATED**. The parties shall appear, however, for a further case management conference on **MARCH 28 AT 11:00 A.M.**, and shall submit a joint case management statement by **MARCH 26 AT NOON**.

**IT IS SO ORDERED.**

Dated: March 21, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE