MICHAEL DOCKTERMAN (admitted *pro hac vice*)
HEATHER H. HARRISON (admitted *pro hac vice*)
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive, Suite 3000
Chicago, IL  60606
Telephone:  (312) 201-2000
Facsimile:  (312) 201-2155
Email:  mdockterman@edwardswildman.com
Email:  hharrison@edwardswildman.com

CLINTON J. McCORD (SBN 204749)
EDWARDS WILDMAN PALMER LLP
1901 Avenue of the Stars, Suite 1700
Los Angeles, CA  90067
Telephone:  (310) 860-8700
Facsimile:  (310) 860-3800
Email:  cmccord@edwardswildman.com

Attorneys for Plaintiff
UTHE TECHNOLOGY CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTHE TECHNOLOGY CORPORATION,<br><br>  Plaintiff,<br><br>vs.<br><br>AETRIUM, INC., HARRY ALLEN, *et al*.,<br><br>  Defendants. | CASE No. 3:95-cv-02377-WHA<br><br>**POINTS AND AUTHORITIES RE COLLATERAL ESTOPPEL**<br><br>Date:  September 5, 2013<br>Time:  8:00 a.m.<br>Place: Courtroom 8, 19th Fl.<br>Judge: Hon. William H. Alsup |

AM 23819954.1

Pursuant to the Court's Order Re Hearing On Summary Judgment, dated September 4, 2013, and for the Court's convenience, Plaintiff Uthe Technology Corporation ("Uthe") here summarizes the points and authorities that were cited by counsel for Uthe at the September 5 hearing.

## I. Collateral Estoppel Does Not Apply In This Case.

As counsel for Uthe stated at the September 5 hearing, collateral estoppel has no application on any issues in this case, regardless of whether they were litigated in the Singapore arbitration or not, or could have been. The main case on point is *Vandenberg v. Sup. Ct.*, 21 Cal.4th 815, 834 (1999) (emphasis added), in which the California Supreme Court held that "a private arbitration award, even if judicially confirmed, can have ***no collateral estoppel effect in favor of third parties*** unless the arbitral parties agreed, in the particular case, that such a consequence should apply." In this case, there was no agreement between the arbitral parties regarding any collateral estoppel effect of the Singapore arbitration (and the award was never "judicially confirmed"). Indeed, the Singapore arbitrator expressly decreed that the arbitration would have no effect on this case. *See* "Partial Award of 30th June, 2005" (Ex. A to First Amended Complaint) at p. 29, ¶ 7 (stating that the award was made "without prejudice to [Uthe's] rights in the U.S. Action against the Respondents ***and the other defendants in the U.S. Action***…").[1]

## II. An Award Under RICO In This Case Would Not Amount to a Double Recovery.

As Uthe cited in its opposition to Defendants' second motion for summary judgment, the "single satisfaction rule" is to "prevent double recovery." *Milicevich v. Sacramento Medical Center*, 155 Cal.App.3d 997, 1002 (1984). Plaintiff is entitled "to a single recovery of ***full compensatory damages*** for single injury." *Id*. at 1003 (emphasis added). ***Treble damages under RICO are compensatory damages***. *See Pacificare Health Systems, Inc*., 538 U.S. 401, 406 (2003) (holding "RICO's treble-damages is ***remedial in nature***" and stating that "both RICO and the Clayton Act are

---

[1] Counsel for Uthe also cited the following cases: *Bridgeford v. Pacific Health Corp*., 202 Cal.App.4th 1034, 1043 (2012) (identifying the four threshold requirements and stating that a prior decision has no collateral estoppel "on issues that could have been raised and decided in the prior proceeding but were not."); *Lucidco v. Sup. Ct*., 51 Cal.3d 335, 342 (1990) (issues are "identical" for collateral estoppel purposes where they contain "identical factual allegations"); *Clark v. Lesher*, 46 Cal.2d 874, 881 (1956) (no collateral estoppel for defendants in second action who were not parties to the first action because their liability for the claims in the second action was "irrelevant" in the first action and, therefore, "the issue was never raised"); *Clark v. Bear Stearns & Co*., 966 F.2d 1318, 1321 (1992) ("a claim is not barred by res judicata if the forum in which the first action was brought lacked subject matter jurisdiction to adjudicate the claim.").

designed to *remedy economic injury* by providing for the recovery of treble damages, costs, and attorney's fees.") Defendants' liability under RICO, or any other claim, has not been litigated. Therefore, there is no collateral estoppel. *See Lucidco v. Sup. Ct.*, 51 Cal.3d at 342; *Clark v. Lesher*, 46 Cal.2d at 881; *Clark v. Bear Stearns & Co.*, 966 F.2d at 1321.

Recovery by Uthe of any RICO damages in this action would not be a double recovery; it would not violate the single satisfaction rule. *See Milicevich*, 155 Cal.App.3d at 1002.

Dated: September 6, 2013            EDWARDS WILDMAN PALMER LLP

By: /s/ Clinton J. McCord

Attorneys for Plaintiff
UTHE TECHNOLOGY CORPORATION