MICHAEL DOCKTERMAN (admitted *pro hac vice*)
HEATHER H. HARRISON (admitted *pro hac vice*)
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2155
Email: mdockterman@edwardswildman.com
Email: hharrison@edwardswildman.com

CLINTON J. McCORD (SBN 204749)
EDWARDS WILDMAN PALMER LLP
1901 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 860-8700
Facsimile: (310) 860-3800
Email: cmccord@edwardswildman.com

Attorneys for Plaintiff
UTHE TECHNOLOGY CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| UTHE TECHNOLOGY CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AETRIUM, INC., HARRY ALLEN, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:95-cv-02377-WHA<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Local Rule 7-9, Plaintiff Uthe Technology Corporation ("Uthe") hereby moves the Court for leave to file a motion for reconsideration of the Court's Order Granting Defendant's Motion for Summary Judgment, dated September 9, 2013 (ECF No. 195) (the "Order"). Uthe seeks reconsideration of only a single ruling in the Order, specifically, the Court's ruling regarding Uthe's RICO claim (located at pages 5-7 of the Order under the heading "Damages Under RICO").[1]

## MOTION FOR LEAVE

Local Rule 7-9 ("Motion for Reconsideration") states:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for consideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

L.R. 7-9(a).

Among the grounds listed in Civil L.R. 7-9(b) is: "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. 7-9(b)(3). It is upon this ground that Uthe bases its motion for leave to file a motion for reconsideration. The motion is timely because the final judgment in the case has not been entered as of the filing of the motion.

**1. Dispositive Legal Argument Concerning Damages Under RICO**

In the Order, the Court ruled that the one-satisfaction rule prevents Uthe from pursuing treble damages under RICO on single damages that were awarded in the Singapore arbitration. Order, pp. 5-7 (at Section 2). Uthe respectfully disagrees with this ruling. Based on the text of the Order, it appears that the Court did not consider the dispositive legal argument, made by counsel for Uthe at

---

[1] Uthe takes no issue with the Court's ruling on "Damages for Head Office Expense Payments" (Section 1 of the Order) and will not seek any relief under that theory. Uthe also agrees that prejudgment interest from Defendants is not appropriate on the amount of the Singapore award, unless and until Uthe is allowed to pursue relief under the RICO claim, and ultimately proves Defendants' liability under RICO, at which time prejudgment interest may be appropriate.

AM 23905818.1

the September 5 summary judgment hearing and repeated in Uthe's "Points and Authorities Re Collateral Estoppel" filed on September 6, that the law allows Uthe to pursue treble damages under RICO notwithstanding the Singapore arbitration award.[2] Uthe respectfully suggests that the authority in this circuit, including authority cited by the Court, and Uthe, in connection with the summary judgment motion, including authority of the Supreme Court, authorizes Uthe to proceed against Defendants on its RICO claim notwithstanding the award in the Singapore arbitration.

As the Court noted in the Order, the Ninth Circuit has not addressed the issue of the effect of a prior award on a plaintiff's RICO claim for treble damages against other Defendants. *See* Order, 6:24-26. As the Court also noted in the Order, the apparent lone district court case from this circuit that addressed the applicability of the one-satisfaction rule on treble damages under RICO is *In re National Mortg. Equity Corp. Mortg. Pool*, 636 F.Supp. 1138, 1151 (C.D. CA 1986). *In Re National* held that prior payments for "100 percent" of the losses at issue did not preclude the plaintiff from pursuing treble damages under RICO. *Id*. at 1145-1146, 1151. The *In re National* court's reasoning—that allowing a plaintiff's claim under RICO to proceed despite a prior payment constituting 100% of plaintiff's losses "is more likely to effectuate the purposes for which RICO was enacted"—is even more applicable in this case because Uthe's RICO claim against Defendants was filed *prior to*, and existed *independent of*, the arbitration or any award thereunder.[3] This was not the case in *In re National*, where the plaintiff bank filed its RICO claim, which had been assigned to it, *after* the payments at issue had already made.[4] *Id*. at 1145-1146.

---

[2] This is especially true where, as here, the RICO claim (based on a U.S. statute) was asserted against Defendants (U.S. entities) in a U.S. court before the Singapore arbitration was initiated (by motion of non-U.S. Defendants). Uthe *vigorously* opposed the arbitration and any stay of these proceedings, but was compelled to participate in arbitration, and had its claims stayed, by order of this Court. *See* Memorandum of Points and Authorities by Plaintiff In Opposition To Defendants Kwan and Chua's Motion To Dismiss On the Grounds of Forum Non Conveniens (ECF No. 28); Memorandum of Points and Authorities In Opposition To Defendants Aetrium, Inc. and Harry Allen (Motion) To Stay Proceedings Pending Arbitration (ECF No. 22); Order Granting Motion To Stay Proceedings Pending Arbitration (ECF No. 46).

[3] As counsel for Uthe noted in the September 5 hearing, the Singapore arbitrator expressly decreed that the arbitration would have no effect on these proceedings. *See* "Partial Award of 30th June, 2005" (Ex. A to First Amended Complaint) at p. 29, ¶ 7 (stating that the award was made "without prejudice to [Uthe's] rights in the U.S. Action against the Respondents and the other defendants in the U.S. Action…").

[4] As the record in this case reflects, and apparently contrary to the Court's impression, Uthe did not

Reinforcing the dispositive legal argument that Uthe's RICO claim should be allowed to proceed despite the Singapore arbitration award is authority cited by Uthe prior to the September 9 Order. *Milicevich v. Sacramento Medical Center*, 155 Cal.App.3d 997 (1984), cited by Uthe in its Opposition brief (at p. 22), distinguished the case of *Fletcher v. California Portland Cement Co.*, 155 Cal.App.3d 97 (1979), relied upon by the Court in the Order (at p. 6). As *Milicevich* explained:

> The single satisfaction rule is not based upon the effect of the judgment itself, which, in any event, does not preclude pursuit of joint or concurrent tortfeasors. [citations] Rather, the rule in Fletcher is 'designed to prevent double recovery…' [citations]…Whether there is in fact a double recovery cannot be determined unless the damages which measure the *full* recovery for the injury have been litigated on their merits.

*Id*. at 1002 (emphasis in original).

As *Milicevich* stated, a plaintiff is entitled "to a single recovery of full compensatory damages for a single injury." *Id*. at 1003. Uthe also cited the case of *Pacificare Health Systems, Inc.*, 538 U.S. 401 (2003), for the rule that treble damages under RICO are in fact compensatory damages and, therefore, are not barred by the *Fletcher* single satisfaction rule. *See Pacificare*, 538 U.S. at 406 (holding that "RICO's treble-damages is remedial in nature" and stating that "both RICO and the Clayton Act are designed to remedy economic injury by providing for the recovery of treble damages, costs, and attorney's fees."). *See also Clark v. Lesher*, 46 Cal.2d 874, 881 (1956), holding that the liability of defendants in action under "fraud and conspiracy theory" was "completely irrelevant" to an earlier proceeding, and therefore was not litigated, because the defendants were not parties to the earlier proceeding.[5] *See also In re National Mortgage*, 636 F.Supp at 1151 ("The case at bar analytically is indistinguishable form an antitrust case in which a plaintiff sues multiple defendants for treble damages…Without exception, courts hold that the *full award* to which such

---

(..continued)
agree to the Singapore arbitration—it vigorously opposed both the arbitration and any stay of proceedings pending arbitration. *See* Memorandum of Points and Authorities by Plaintiff In Opposition To Defendants Kwan and Chua's Motion To Dismiss On the Grounds of Forum Non Conveniens (ECF No. 28); Memorandum of Points and Authorities In Opposition To Defendants Aetrium, Inc. and Harry Allen (Motion) To Stay Proceedings Pending Arbitration (ECF No. 22).

[5] The *Clark* case was cited by counsel for Uthe at the September 5 hearing in arguing that, similar to the situation in *Clark*, in this case Defendants' liability under RICO has not been litigated because they were not parties to the Singapore arbitration, and the Singapore arbitration did not have jurisdiction over the claims or the Defendants.

AM 23905818.1

plaintiffs are entitled is an amount *three times the proven actual damages*…") (emphasis added).

### 2. Request For Leave To File A Motion For Reconsideration Of The Dispositive Legal Argument Concerning Damages Under RICO

The Court's Order did not address the above authority cited by Uthe, which authority Uthe respectfully suggests compels a reversal of the Court's ruling on Uthe's claim for damages under RICO. Accordingly, pursuant to Local Rule 7-9, Uthe respectfully requests that the Court grant leave to file a motion for reconsideration of the sole issue of Uthe's claim for damages under RICO. Being that the issue is a narrow one, the parties would be able to brief the issue, and the Court should be able to render a decision, without moving the trial date (if in fact a trial should prove necessary after the Court's ruling). Also, assuming a trial is necessary, the issues to be tried will have been substantially streamlined and therefore, again, the trial should not have to be moved.

Dated: September 12, 2013                EDWARDS WILDMAN PALMER LLP

                                                                         /s/ Clinton J. McCord
Michael Dockterman
Clinton J. McCord
Heather H. Harrison

Attorneys for Plaintiff UTHE TECHNOLOGY CORPORATION

AM 23905818.1