IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTHE TECHNOLOGY CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>HARRY ALLEN and AETRIUM INCORPORATED,<br><br>    Defendants.<br>_____ / | No. C 95-02377 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

      A September 9 order granted defendants' motion for summary judgment (Dkt. No. 195). Of particular relevance here, the order granted summary judgment as to plaintiff's claim for treble damages under the Racketeer Influenced and Corrupt Organizations Act. Plaintiff now moves for leave to file a motion for reconsideration only as to this issue of treble damages under RICO. For the reasons explained below, the motion for leave is **DENIED.**

      Pursuant to Civil Local Rule 7-9(b), plaintiff seeks reconsideration based on an alleged "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." In particular, plaintiff asserts that the text of the September 9 order failed to consider four decisions that supposedly allow plaintiff to recover RICO treble damages even after full payment of its Singapore arbitration award.

      This assertion is faulty. As a preliminary matter, there is no requirement that an order cite to every authority presented by a party. Furthermore, the September 9 order considered — and still found unpersuasive — each of the four cases cited by plaintiff here. For example, the

order addressed *In re National Mortgage Equity Corporation Mortgage Pool Certificates Securities Litigation*, 636 F. Supp. 1138, 1151 (C.D. Cal. 1986) (Judge Wallace Tashima), and stated that the undersigned judge respectfully disagrees with this nonbinding decision (Dkt. No. 195 at 7). Moreover, the decision from *Milicevich v. Sacramento Medical Center*, 155 Cal. App. 3d 997, 1003–04 (1984), is unpersuasive because there had been no litigation to determine the full measure of damages there. 155 Cal. App. 3d 997, 1003–04 (1984). In contrast, plaintiff pursued the Singapore arbitration for nineteen years, culminating in the establishment of a remarkably huge award that has already been paid in full. Finally as to *Pacificare Health Systems, Inc. v. Book*, 538 U.S. 401, 406 (2003), and *Clark v. Lesher*, 46 Cal. 2d 874, 881 (1956), these decisions do not discuss the single satisfaction rule at all and thus fail to provide any dispositive legal arguments that would let plaintiff recover RICO treble damages here.

Accordingly, plaintiff's motion for leave to file a motion for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 13, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2